IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RICK JONES AND LINDA JONES,<br><br>**Plaintiffs,**<br><br>vs.<br><br>UNIVERSITY OF UTAH HEALTH SCIENCES CENTER; UNIVERSITY OF UTAH ORTHOPEDIC SURGERY DEPARTMENT; AND TIMOTHY BEALS, MD;<br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>**Case No.  2:11cv1200**<br><br><br><br>**Magistrate Judge Paul M. Warner** |

On January 15, 2013, all parties consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court are (1) the University of Utah Health Sciences Center ("HSC"); University of Utah Orthopedic Surgery Department ("OSD"); and Timothy Beals, M.D.'s ("Dr. Beals") (collectively, "Defendants") motion to dismiss;[2] and (2) Rick Jones and Linda Jones's (collectively, "Relators") motion for leave to amend the complaint.[3]  The court has carefully reviewed the motions and memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of

---

[1] *See* docket no. 18.

[2] *See* docket no. 14.

[3] *See* docket no. 19.

the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

## **RELEVANT BACKGROUND**[4]

Relators filed this False Claims Act ("FCA") *qui tam* action, *see* 31 U.S.C. § 3729, alleging that Defendants submitted false claims to Medicare and Medicaid of Wyoming for three surgical procedures performed by Dr. Beals on Relators' daughter, Trinette Jones ("Trinette"). Trinette underwent surgery to repair a torn Achilles tendon at HSC on January 14, 2009.  She was to be discharged to Relators' care that evening but she developed a fever after surgery and was admitted to the hospital.  At the time of the surgery, Trinette was taking several immunosuppressant medications for her connective tissue disease, making her more susceptible to infection.

Relators allege that the postoperative care of Trinette was entirely conducted by a second year orthopedic surgery resident, Dr. Ryan Spiker, rather than Dr. Beals and that neither Dr. Beals nor any other teaching physician at HSC was present during Trinette's postoperative care. In the original complaint, Relators contend that HSC and/or OSD billed Medicare and Medicaid of Wyoming for the three surgical procedures Dr. Beals performed to repair Trinette's Achilles tendon, which included her postoperative care, in violation of Medicare billing policy.  In the proposed amended complaint, Relators allege that on March 9, 2009, Dr. Beals caused HSC to submit claims for payment to Medicare and to Medicaid of Wyoming for Trinette's surgery even

---

[4] The relevant facts are taken from Relators' original complaint*, see* docket no. 1, and their proposed amended complaint.  *See* docket no. 19, Exhibit 1.

though he did not personally manage or participate in critical portions of Trinette's postoperative care in violation of Medicare billing policy.

In late December 2011, Relators filed this action under seal against Defendants on behalf of the United States.[5] *See* 31 U.S.C. § 3730(b). On July 30, 2012, the United States declined to intervene.[6] *See id.* § 3730(b)(4)(B). This court then unsealed the complaint and ordered it served on Defendants.[7] *See id.* § 3730(b)(2).

## DISCUSSION

Defendants move to dismiss this action on the grounds that this court lacks subject matter jurisdiction because (1) the FCA does not permit an action against a state or a state agency; and/or (2) as arms of the State of Utah, HSC and OSD are immune from suit under the Eleventh Amendment. Defendants further argue that Relators' complaint and proposed amended complaint fail to plead fraud with particularity as required by rule 9(b) of the Federal Rules of Civil Procedure.

### A. Motion to Dismiss

Relators concede that HSC and OSD should be dismissed from the case under *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000). *See id.* at 787-88 (holding that a state or a state agency is not a person under the FCA and is not subject to liability in *qui tam* suits brought by relators). Specifically, Relators acknowledge that as state agencies, HSC and OSD are not persons subject to suit under the FCA and, as such, dismissal of those

---

[5] *See* docket no. 1.

[6] *See* docket no. 7.

[7] *See* docket no. 9.

3

defendants is proper. Relators, however, do not concede that the Eleventh Amendment bars *qui tam* actions against a state because the Supreme Court in *Stevens* specifically declined to address that issue. *See id.* ("We of course express no view on the question whether an action in federal court by a *qui tam* relator against a State would run afoul of the Eleventh Amendment, but we note that there is 'a serious doubt' on that score." (citation omitted)).

There is no question that HSC and OSD are state entities and are therefore not "persons" under the FCA. It is not completely clear from the original complaint whether Relators intended to sue Dr. Beals in his official or individual capacity (or both). To the extent that Relators' original complaint names Dr. Beals in his official capacity, this court agrees that Dr. Beals stands in the shoes of the state and, pursuant to *Stevens*, cannot be sued under the FCA. *See id.*; *see also U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 402 (5th Cir. 2004) ("[W]e hold that claims against state agency employees in their official capacities are treated as claims against the state agency for purposes of the FCA."); *U.S. v. Menominee Tribal Enterprises*, 601 F. Supp. 2d 1061, 1070 (E.D. Wis. 2009) (recognizing that individual state employees may not be sued under the FCA in their official capacities).

Based on the foregoing, this court concludes that the FCA prohibits Relators from asserting claims against HSC, OSD, and Dr. Beals in his official capacity. Accordingly, Defendants' motion to dismiss is **GRANTED** as to HSC, OSD, and Dr. Beals in his official capacity.

## B. Motion for Leave to Amend the Complaint

Relators assert that Dr. Beals is subject to liability under the FCA in his individual capacity and move the court for leave to amend the complaint to name him individually. Dr.

Beals argues that allowing Relators to assert individual FCA claims against him would permit an end-run around *Stevens* and the Eleventh Amendment because he was acting in his official capacity and within the scope of his employment.  Dr. Beals contends that it would be futile to grant Relators permission to name him in his individual capacity because state employees may not be sued under the FCA in their individual capacities.

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that the mandate of rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting previous version of Fed. R. Civ. P. 15)).  As noted by the Tenth Circuit, rule 15 is intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citations omitted).

"Whether to grant or deny leave to amend is within the sound discretion of the trial court." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).  The court may refuse to grant leave to amend only where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Minter*, 451 F.3d at 1204 (quotations and citations omitted).  The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Id.* at 1207.  Generally, courts have determined that permitting the amendment of a pleading is prejudicial only when it unfairly

affects the nonmovant in terms of rebutting the amendment's legal claim, factual averment, and/or affirmative defense.  *See id.* at 1208.

The Tenth Circuit has held that a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).  Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a rule 12(b)(6) motion, the court examines the sufficiency of the complaint, accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.  *See Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).  "The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "'Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).  "[T]he complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

The court now considers whether Relators may assert an FCA claim against Dr. Beals in his individual capacity.  There is a split of authority regarding this issue, and no Tenth Circuit case law provides clear guidance.  Therefore, the court will look first to the language of the statute.  The FCA provides, in relevant part, that "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or

fraudulent claim" is liable for certain civil penalties. 31 U.S.C. § 3729(a)(1). Thus, the plain language of the statute applies to "any person" who submits a false claim or causes such a claim to be submitted. *Id.* There is nothing in the statutory language that creates an exception for state employees. *See id.* Accordingly, "under the FCA, state employees are 'persons' who may be sued if they are sufficiently involved in the submission of a false claim to the United States." *U.S. ex rel. Burlbaw v. Regents of New Mexico State Univ.*, 324 F. Supp. 2d 1209, 1215 (D. N.M. 2004)

  Dr. Beals urges this court to conclude that a state employee may not be sued under the FCA in his or her individual capacity and adopt the reasoning set forth in *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932 (8th Cir. 2001), and *United States ex rel. McVey v. Board of Regents of University of California*, 165 F. Supp. 2d 1052 (N.D. Cal. 2001). In *Gaudineer*, the Eighth Circuit held that an individual state official could not be sued under the FCA in his individual capacity, unless he was acting "outside of his official duties." 269 F.3d. at 937 (quotations and citation omitted). However, as noted by both the *Gaudineer* dissent, as well as the court in *Burlbaw*, "this holding is tantamount to granting absolute immunity to all state employees, for FCA purposes, for any actions taken within the course and scope of their duties" and thus "contrary to the Supreme Court's public-employee-immunity jurisprudence." *Burlbaw*, 324 F. Supp. 2d at 1215-16; *see Gaudineer*, 269 F.3d at 938 (Gibson, J., dissenting) (noting that the Supreme Court had concluded that, in a similarly worded statute, failure "to allow personal capacity suits against state officials acting within the scope of their authority [under 42 U.S.C. § 1983] would 'absolutely immunize state officials from personal liability for acts within their authority . . . . Yet our cases do not extend absolute immunity to all officers who engage in

necessary official acts.'"  *Hafer v. Melo*, 502 U.S. 21, 28 (1991)).  "[S]uch absolute immunity extends only to a very limited class of officials, 'including the President of the United States, legislators carrying out their legislative functions, and judges carrying out their judicial functions.'"  *Burlbaw*, 324 F. Supp. 2d at 1124 (quoting *Hafer*, 502 U.S. at 29).  Because Dr. Beals does not fall into this limited class of public employees, this court does not find *Gaudineer* to be persuasive.

The basis for *McVey*'s analysis and conclusion is likewise unpersuasive.  In *McVey*, the court held that "[u]nder the FCA, a state official is immune from suit for actions taken in his position [even if he] abused his authority."  165 F. Supp. 2d at 1059.  However, the Ninth Circuit specifically rejected the district court's conclusion in *McVey* (as well as the Eighth Circuit's in *Gaudineer*) because it could not be "reconciled with the plain language" of the FCA.  *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1124 (9th Cir. 2007).  Thus, while *McVey* is no longer good law based on the Ninth Circuit's decision, neither Dr. Beals nor Relators even mention *Stoner* in their memoranda.  That notwithstanding, this court finds the reasoning in *Stoner* to be particularly cogent as the FCA's language is unequivocal.  It applies to "any person" submitting a false claim, or causing a false claim to be submitted.  31 U.S.C. § 3729(a)(1).  And, the court further notes, there is nothing in the FCA exempting state employees from liability.

Some courts have inserted a personal benefit requirement for state employees to be sued in an individual capacity under the FCA.  *See, e.g.*, *Alexander v. Gilmore*, 202 F. Supp. 2d 478, 482 (E.D. Va. 2002) (holding and citing cases indicating that FCA claims against government officials in their individual capacities must contain allegations of personal gain).  However, like

the district court in *Burlbaw*, this court is not persuaded by these cases because state employees would be absolutely immune from liability provided they did not personally profit from the false claims. *See Burlbaw*, 324 F. Supp. 2d. at 1216-17; *see also U.S. ex rel. Battle v. Bd. of Regents of Ga.*, No. 1:00-CV-1637-TWT, 2002 WL 34386372, at *2 (N.D. Ga. May 8, 2002) ("There is no FCA requirement that the individual act outside the scope of his employment or that the employee personally benefit from the fraudulent conduct."). This court concludes that this case is "no different than the legions of § 1983 claims that are brought against state officials in their individual capacities, the vast majority of which involve state employees (prison guards, police officers, zoning administrators, et al.) acting within the scope of their employment." *Menominee Tribal Enterprises*, 601 F. Supp. 2d at 1071.

To state a claim against Dr. Beals in his individual capacity, Relators need only allege that he "knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval" or "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1). In the proposed amended complaint, Relators allege that Dr. Beals knowingly presented, or caused to be presented, a false claim, record, or statement to Medicare and Medicaid of Wyoming regarding Trinette's surgery and postoperative care. Relators "set forth the who, what, when, where and how of the alleged fraud" sufficient to meet the heightened pleading requirement under rule 9(b) of the Federal Rules of Civil Procedure. *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727-28 (10th Cir. 2006) (quotations and citation omitted).

Thus, based on the analysis of *Stoner* and *Burlbaw*, this court concludes that "state

employees may be sued in their individual capacities under the FCA for actions taken in the course of their official duties." *Stoner*, 502 F.3d at 1125.  This court notes that while Dr. Beals is not entitled to absolute immunity, he may be entitled to qualified immunity.  However, that affirmative defense has not been alleged and is not before the court at this time.  Accordingly, Relators' motion for leave to amend the complaint is **GRANTED**.  Relators shall file an amended complaint naming Dr. Beals in his individual capacity no later than October 18, 2013.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is **GRANTED** as to HSC, OSD, and Dr. Beals in his official capacity.  Relators' motion to amend the complaint to name Dr. Beals in his individual capacity is **GRANTED**.  Relators shall file their amended complaint no later than October 18, 2013.

**IT IS SO ORDERED**.

DATED this 24th day of September, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge